## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**WAYNE GORDON**                                                         **PLAINTIFF**

**V.**                                                         **No. 3:10-CV-00579-CWR-LRA**

**ELLEN DAVIS, LORI JONES, LABOR READY-
SOUTHEAST 1310 (790678AAG), LEXIS-NEXIS's
SCREENING SOLUTIONS, INC., XYZ INSURANCE
COMPANY and/or NATIONAL UNION FIRE
INSURANCE COMPANY; XYZ INSURANCE
COMPANY and/or GEORGIA ASSOCIATION
OF HOME OFFICE UNDERWRITERS
(GAHOU), ET AL.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant LEXISNEXIS Screening Solutions Inc.'s Motion to

Dismiss Plaintiff's Second Amended Petition for Tort Damages pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure supported by its memorandum of authority.  Although Plaintiff

Wayne Gordon has filed several pleadings, including motions and objections to the Magistrate

Judge's previous rulings on other matters, he has neglected to respond to this motion.  In this

instance, however, a response is not needed.  The Court, after reviewing the motion, and the relevant

law, finds that the motion must be **GRANTED**.

### I.  BACKGROUND

Gordon, who is proceeding *pro se,*[1] brings this Second Amended Petition for Tort Damages.

He alleges that  on December 26, 2007, he was hired by Labor Ready, a temporary job service which

assists those who are seeking employment with obtaining permanent and temporary jobs with other

---

[1]Gordon's Motion to Appoint Counsel was denied.  The Magistrate Judge denied his request finding, *inter alia*, that "a
review of the file in this case, including the pleadings, confirms that Plaintiff is capable of presenting the instant claims."
[Docket No. 64].  Over Gordon's objection, the undersigned affirmed the Magistrate Judge's ruling. [Docket No. 68].

businesses.  [Docket No. 47], at 3-4.  Through Labor Ready, Gordon, who is a convicted felon, was

hired on directly by a construction company, Intrepid Enterprises, Inc., on June 29, 2009.  *Id*. at 4.

After a few months, Intrepid had to lay off its employees.  Following the advice of officials with

Intrepid, Gordon filed for unemployment benefits.  Apparently, that was the wrong thing to do.

On October 18, 2010, Plaintiff filed the instant lawsuit against several parties, including

Defendant LexisNexis, alleging various claims including, *inter alia*, negligence, violations of the

Fair Credit Reporting Act ("FCRA"), and violations of the 1st and 14th Amendments.  He alleges

"denial of freedom of speech, to petition the Government for redress of grievances, life and liberty."

[Docket No. 1].  (Doc. 47).  He makes other sweeping allegations.  For example, Gordon avers:

> During November 19, and/or 27, 2009 and throughout the present date herein; at all
> times relevant as to the events described in this suit the defendants demonstrated
> deliberate indifference and negligence when they collectively blocked, deprived and
> failed to correct fair employment opportunities, as well as, fair credit reports to
> plaintiff despite the fact other employees were similarly situated with criminal
> background histories.

*Id*. at 8.

Navigating through Plaintiff's meandering complaint and connecting the dots, it appears that

Gordon contends, *inter alia*, that Defendant Labor Ready improperly terminated him because it

learned that he had filed for unemployment benefits.  In addition, he avers that LexisNexis Screening

Solutions, Inc. (hereinafter "LexisNexis") helped Labor Ready in this regard by providing outdated

information relating to his criminal convictions.  Furthermore, he argues that Labor Ready

terminated his employment under the pretense that it discovered his felony conviction when in fact

his filing for unemployment benefits was the actual reason he was fired.

However, his particular allegations against LexisNexis, including the constitutional

violations, appear to rely on the fact that LexisNexis was responsible for preparing and reporting

public record reports. *Id.* at 2-3.  In making this claim, he equivocates between charging LexisNexis with wilfulness ("maliciously and sadistically") and negligence contending that its actions were taken "under color of state law"[2] *see*, *id.* at 10, while also indicating that  LexisNexis and the other defendants are not being sued in their capacity as state officials.  *Id.* at 3.[3]  Furthermore, Plaintiff requests the Court grant an injunction requiring Defendant to "immediately codify for the plaintiff's reports be fixed or secured."  *Id.* at 10.  He also requests monetary damages from the defendants, jointly and severally, totaling $835,000 and such "other relief as it may appear that [he] is entitled." *Id.* at 11.

## II.  LEGAL STANDARDS

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id.* According to Rule 12(b)(6), a defendant is entitled to judgment as a matter of law if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[A] motion to dismiss under

---

[2]Plaintiff claims that "[a]ll defendants' concerted acts described herein resulted solely under color of state law."  Doc. 47 at 10.

[3]On December 13, 2010, Petitioner sought leave of court to file an amended complaint seeking to amend the complaint "to reflect the connections of all defendants [Lexis/Nexis] and their insurance companies." [Docket No. 17],at 1. Through a Text Order entered on January 4, 2011, the Magistrate Judge granted the motion. After Gordon filed his Amended Petition, LexisNexis filed it Motion to Dismiss and a supporting memorandum on January 18, 2001. [Docket Nos. 24 and 25].  Rather than filing a response to the motion to dismiss, on January 26, 2011, Gordon filed various pleadings including his Motion for Leave to File Second Amended Complaint [Docket No. 32], wherein he sought to allege that Labor Ready, when terminating Gordon, relied upon information provided to it by LexisNexis and that LexisNexis violated its own procedures and "statutes" when providing the information. [Docket No. 32-2]. In his request, he stated "Plaintiff hereby gives indications that he may not have pleaded his best case."[Docket No. 32].  He further alleged that the amended complaint would rebut the allegations the LexisNexis had raised in it motion to dismiss.  *Id.* Through another Text Order entered on February 22, 2011, the Magistrate Judge granted Gordon's request. Plaintiff filed his Second Amended Complaint on February 28, 2011 apparently pleading his best case. [Docket No. 47]. LexisNexis then filed it Motion to Dismiss Second Amended Petition for Tort Damages with a supporting memorandum on March 2, 2011. [Docket Nos. 49 and 50].

Rule 12(b)(6) serves the same function as a common law demurrer, i.e., it is used to challenge the legal sufficiency of the complaint." *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of Am.*, 431 F.2d 1004, 1006 (5th Cir. 1970) (citations and quotations omitted). Such a motion should be granted only if the complaint fails to illustrate a set of factual allegations under which no plausible right of relief exists. *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").

Under the pleading requirements discussed in *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), "the pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombley,* 550 U.S. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  "'[W]hen the allegations in a complaint, however, true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money to the parties and the court.'" *Ivy v. U.S. Dept. of Agriculture* (FSA), 2010 WL 2559885, *3 (N.D. Miss. 2010)(citations omitted).

While "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," *see*, *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), a *pro se* litigant must still establish that jurisdiction in this court is proper.  *Ivy v. United States Dept. of Agriculture*, 2010 WL

2559885, *1 (N.D. Miss. 2010).  *See also, Murphy v. Canfield*, 2007 WL 2071818, *3 (W.D. La. 2007), *citing Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Tex. 1990)(pro se plaintiff bears burden to plead specific facts and proper jurisdiction pursuant to Fed.R.Civ.P.8). Additionally, a *pro se* litigant is required to set forth facts giving rise to a claim on which relief may be granted.  *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984, 109 S.Ct. 536, 102 L.Ed.2d 567 (1988).  And, the court is not permitted to consider unpled facts.  *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983).  Finally, "a pro se plaintiff pleadings, conclusory allegations or legal conclusions dressed as factual conclusions will not circumvent a motion to dismiss." *Ivy*, 2010 WL 2559885, at *4, *citing*, *Madis v. Edwards*, 347 F.App'x 106, 107 (5th Cir. 2009).

## III. ANALYSIS

### Constitutional Violations (42 U.S.C. §1983)

LexisNexis contends that Gordon's claims brought pursuant to 42 U.S.C. § 1983 fail because "LexisNexis took no action that deprived Plaintiff of any of its rights and it is not a state actor in any sense of the term." [Docket No. 25 at 2].  The Court finds that LexisNexis is a private company. There is nothing in the Plaintiff's petition which establishes otherwise.  In order to proceed with claims under §1983, Gordon must show that LexisNexis acted under color of state law.  *Parr v. Mississippi Dept. of Human Services*, 2010 WL 956796, *3 (S.D. Miss. 2010), *citing West v. Atkins*, 487 U.S. 42, 48 (1988).  "Private individuals generally are not considered . . . state actors . . . Notwithstanding this limitation, a private individual may act under color of law only in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors.'" *Id*., *quoting Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).  *See also, Polacek v. Kember County, Mississippi*, 739 F.Supp.2d 948, 951 (S.D. Miss. 2010).  There are

instances, however, where a private party may be deemed a state-actor.  When, for example,  the state compels the private party to act or provide significant encouragement or when the private entity is controlled by the state, or when the private party performs a public function or when the private party is so entwined with the state, then the private party may be state actor.  *Parr*, 2010 WL 956796, at \*2.  Having alleged nothing more than that, LexisNexis acted under state law, simply is not enough.  *See, e.g., Polacek*, 739 F. Supp.2d at 952 (to sustain claim Plaintiff must allege facts showing an agreement between a state actor and the private actor to deprive Plaintiff of a constitutional right).  Thus, there can be no claim under § 1983.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)(merely private conduct is excluded from the under-the-color-of-state-law element under § 1983 no matter how discriminatory or wrongful); and *Washington v. Atmos Energy Corp.*, 2007 WL 3493492, \*1 (5th Cir. 2007)(affirming dismissal of § 1983 claim where private company indisputably was not acting under color of state law).[4]

Even if LexisNexis were a state actor and Gordon's Petition were construed to assert a claim that LexisNexis violated his due process rights, Gordon has not alleged sufficient facts which identify a protected life, liberty, or property interest.[5]  *See Patton v. Hinds County Juvenile Detention Center* 2011 WL 2912897, \*8 (S.D. Miss. July 18, 2011)(stating the requirements of a 14th

---

[4]Petitioner makes a broad claim that the Defendants' "misue[d] their power."  Petition at 5.  To the extent this theory may be pursued it would have to be pursued against one acting under color of state law by a wrongdoer who is clothed with the authority of state law.  See *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).  Having determined that LexisNexis is a private company and that it was not acting under color of state law, that claim must be dismissed.  Similarly, Gordon's alleged claim of deliberate indifference meets the same fate.  See *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381-82 (5th Cir. 2005).

[5]Gordon had no property interest in continued employment with Labor Ready, and he has not demonstrated that he was anything but an at-will employee.  See *Pedersen v. Princiotta*, 2006 WL 1195463, \*8 (S.D. Miss. 2006); and *Miranda v. Wesley Health System, LLC*, 949 So.2d 63, 65 (Miss. Ct. App. 2006).  Moreover, because LexisNexis was not Gordon's employer, Gordon can not pursue a claim of employment retaliation against it. *Mello v. Sara Lee Corp.*, 292 F.Supp.2d 902, 907 (S.D. Miss. 2003).

amendment due process claim under § 1983). Moreover, Gordon wholly fails to establish how governmental action resulted in a deprivation of that interest. The only thing LexisNexis did was provide a background report which confirmed that "plaintiff has a criminal background record." [Docket No. 1], at *4. LexisNexis had no control over what Labor Ready did with the information it provided to Labor Ready.

**Fair Credit Reporting Act (and General Negligence Claim)**

Gordon alleges a general negligence claim: "Negligence pertinent to loss and injuries." [Docket No. 1], at 1-2. But that claim obviously is related to LexisNexis furnishing the credit report. Consequently, LexisNexis asserts that it cannot be held liable because such claim is preempted by the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*. Moreover, as LexisNexis notes, Plaintiff does not allege that LexisNexis "breached any duty by failing to exclude from its background report any incorrect information." [Docket No. 25], at 10.

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). *See also Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible uses of credit reports). Under § 1681h(e) of the act "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, **or negligence** with respect to the reporting of information against any consumer reporting agency except as to false information furnished with malice or willful intent to injure such consumer." (Emphasis added). Absent from the complaint is any allegation that LexisNexis reported false information with malice or willful intent to injure him. *Rivera v. Countrywide financial Corp.*, 2006 WL 2431391, *3 (S.D. Miss. 2006), *Reeves v. Equifax Information Services, LLC*, 2010 WL 2036661, *14 (S.D. Miss. 2010).

7

"Section 1681(i) requires that, when the consumer disputes information on file with a CRA and the consumer notifies the agency directly of the dispute, the agency must conduct a reinvestigation into the disputed information, and take some action (*i.e.,* record the current status of the item, change the item, or delete the item) within 30 days." *Williams v. LexisNexis Risk Mgmt., Inc.*, 2007 WL 2439463*1 (E.D. Va.  2007)(internal citations omitted)(citing 15 U.S.C. § 1681(a)(1)(A).  A negligent violation of this duty may subject the consumer reporting agency to actual damages resulting from the violation, court costs, and reasonable attorney's fees.  15 U.S.C. § 1681o; *Pinner*, 805 F.2d 1258, 1262 (5th Cir. 1986).  And, willful violation may subject the agency to punitive damages.  15 U.S.C. § 1681n(a)(2); *Pinner*, 805 F.2d at 1262.

Additionally, "[t]he FCRA does not authorize private litigants to seek injunctive relief against consumer reporting agencies." *Williams v. Credit Protection Ass'n Trans Union*, LLC, 2009 WL 3614500, at *5 (N.D. Tex. Nov. 2, 2009)(internal citations omitted). "First, the civil liability provisions of the FCRA expressly refer to damages and attorney fees without mentioning injunctive relief." *Id.* "Second, the FCRA expressly and affirmatively grants the power to pursue injunctive relief to the Federal Trade Commission." *Id*. These two facts, when coupled together demonstrate that Congress vested the power to obtain injunctive relief solely with the FTC. *Id*.

In the case at bar, Gordon claims LexisNexis maliciously and in the alternative, negligently failed to "correct and render fair employment, updated and accurate information, *inter alia*, and to acknowledge plaintiff's loss/injury constitutes the tort of negligence." Doc. 47 at 9-10.  However, in as much as Plaintiff is seeking to advance any negligent based or FCRA based claim against LexisNexis, he has failed to proffer sufficient facts necessary to do so.  Indeed, he has not pled any specific portion of the FCRA upon which he relies.  Furthermore, Plaintiff neglects to allege any facts indicating that LexisNexis failed to correct its allegedly inaccurate background report upon

request nor has he even pointed LexisNexis to that portion of his report which he claims is false. Even assuming *arguendo* that Plaintiff persuaded the Court that LexisNexis is violating in any FCRA provisions, this Court is not the proper venue to seek the requested injunctive relief.  In light of the foregoing, Gordon has failed to state a claim against LexisNexis upon which relief should be granted; therefore, his claims against this entity should be dismissed.

## Denial of Opportunity to Amend

Courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see*, *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. 2001), or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal. See *Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); and *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. 2008).  Dismissal with prejudice, however, is appropriate if a court finds that the plaintiff has alleged his best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

The Court finds that plaintiff indeed has alleged his best case.  In fact, he sought permission from the Court to file a second amended complaint so that he could indeed plead his best case.  See [Docket No. 32].  Based on his claims and the relief he is requesting,  no amended complaint could cure this Complaint against LexisNexis, which is the only party that has moved for dismissal. Therefore, the motion to dismiss filed by LexisNexis will be granted, and it will be dismissed with prejudice from this action. *Barzrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  *See also, Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)(dismissal with prejudice proper where court could perceive no viable claims which could be cured by amended petition).  *See also Irby v. Hodge,* 2010 WL 4259942, *7 (S.D. Miss. 2010)(dismissing with prejudice all claims where court found that plaintiff's complaint failed to state a claim); and *Ivy*, *supra*, at *4 (same).

**IV. CONCLUSION**

It is THEREFORE ORDERED AND ADJUDGED *Defendant LexisNexis Screening Solution Inc.'s Motion to Dismiss Plaintiff's Second Amended Petition for Tort Damages filed*, March 2, 2011, [Docket No. 49] is granted and that Petitioner's Complaint is dismissed with prejudice as to Defendant LexisNexis.

SO ORDERED on this 19th day of August, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE